FILED
CLERK, U.S. DISTRICT COURT

02/07/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: smom DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**RIVERSTONE CAPITAL LLC**, a California limited liability corporation; **NEXGEN INSURANCE SERVICES INCORPORATED**, a California corporation; **NGI BROKERAGE SERVICES, INC.**, a California corporation; **JAMES C. KELLY**, an individual; **TRAVIS O. BUGLI**, an individual; **ROBERT CLARKE**, an individual; **ERIK MANQUEROS**, an individual.<br><br>Defendants | Case No.: 19-cv-778-MWF (MAAx)<br><br>**REDACTED**<br>**AMENDED TEMPORARY RESTRAINING ORDER AND ORDER LIFTING SEAL** |

On February 1, 2019, this Court granted in part Plaintiff Secretary of Labor's *Ex Parte* Application for a Temporary Restraining Order and granted the Secretary's application to seal.  On February 7, 2019, Plaintiff and Individual Defendants filed a Stipulation and (Proposed) Amended Temporary Restraining Order.  Good cause having been shown, the Court hereby GRANTS the (Proposed) Amended Temporary Restraining Order and hereby ORDERS:

1. Defendants, their officers, agents, employees, assigns, subsidiaries, affiliates, service providers, accountants, attorneys, and any other party acting in concert with them or at their direction, are RESTRAINED and ENJOINED from exercising any authority or control with respect to the management of the Riverstone MEWA, the Participating Plans, and the assets of the Participating Plans, including but not limited to the transfer of any funds from any bank accounts into which these assets have been deposited, and are ENJOINED from any activity relating to the further promotion, sale, or marketing of the services provided by the Riverstone MEWA.

2. Receivership Management, Inc. ("Independent Fiduciary") is temporarily appointed as the independent fiduciary, successor Trustee and Plan Administrator to the Riverstone MEWA and Participating Plans, with full and exclusive fiduciary authority over their administration and management, and full and exclusive control over the Riverstone MEWA and Participating Plans' assets, including the assets in the accounts listed in **Amended Appendix A** to this Order and any other accounts where the assets of the Participating Plans were transferred.

3. The Independent Fiduciary is charged with taking all reasonable steps necessary to marshal the existing plan assets and place them in trust, perform an accounting, pay urgent claims, communicate with impacted entities and persons, and design and implement a fair process for paying out covered-claims to the extent feasible.

4.  The authority of the Independent Fiduciary includes, but is not limited to:

a. Authority to exercise all fiduciary responsibilities relating to the Riverstone MEWA and Participating Plans, including authority to: create a trust and move all plan assets into said trust; conduct an accounting of all plan assets; pay medical claims; negotiate with medical providers, Plan service providers and other entities; identify and pursue claims on behalf of the Riverstone MEWA and Participating Plans; design and implement a fair process for paying out covered-claims to the extent feasible; file any necessary reporting requirements; communicate with participants, beneficiaries and any other person necessary to administer the Riverstone MEWA; and share any information requested by the Secretary.

b. Authority to pay pre-existing or pre-set expenses of the Riverstone Plan, such as, but not limited to, reasonable amounts due to third party administrators that perform necessary services, insurance premiums necessary to protect the Plan participants or beneficiaries, or compensation due to non-exempt Riverstone Plan employees for work undertaken on behalf of the Plan to the extent required by law;

c. Authority to pay itself reasonable and necessary fees from the Riverstone MEWA and Participating Plans' assets and pay the reasonable and necessary fees of service providers.  Before causing plan assets to be used to pay compensation, fees or expenses, the Independent Fiduciary shall provide written notice by filing with this Court a Fee Notice supported by an itemized statement of work and by serving a copy to the Secretary.  If no objection to the Fee Notice is filed within ten (10) calendar days, such compensation, fees, and expenses shall be deemed reasonable expenses.

5. Within two (2) business days of entry of this Order, Defendants and anyone acting on their behalf including their principals, officers, directors, owners, agents, assigns or subsidiaries, shall notify the Independent Fiduciary of all funds located in bank accounts or elsewhere that contain premiums (also known as premium

equivalents or contributions) from participating employers in the Riverstone MEWA and Participating Plans so that the Independent Fiduciary may immediately transfer those assets into a trust for the exclusive benefit of plan participants;

6. Within two (2) business days of entry of this Order, Defendants shall provide the Independent Fiduciary contact information for the Plan Sponsor of each Participating Plan and contact information for each participant and beneficiary enrolled in the Participating Plan. Defendants shall furnish any other information requested by the Independent Fiduciary as soon as reasonably feasible, including but not limited to the information necessary to complete an M-1 report. Defendants shall fully cooperate with the Independent Fiduciary efforts to marshal plan assets, including executing necessary documents to effectuate transfers to ensure such assets are placed in trust.

7. Within two (2) business days of entry of this Order, the Independent Fiduciary shall provide notice to all Participating Plans that includes a copy of this Order ("Notice").  The Notice shall further advise that the Riverstone accounts are frozen and that an Independent Fiduciary has been temporarily appointed to administer the Plan.  The Notice shall further instruct Plan Sponsors of the Participating Plans to relay this information to their participants and beneficiaries as soon as possible, and to advise them of the All Writs Act relief provided to them.  Finally, the Notice shall instruct Plan Sponsors of the Participating Plans that they may be fiduciaries to ERISA-covered plans, and nothing in the Stipulation or this Order relieves any fiduciary of their responsibilities under ERISA.

8. Pursuant to the All Writs Act, 28 U.S.C. § 1651, all persons or entities are stayed, enjoined and/or prohibited from claiming as against the assets of the Plans outside of the procedures and processes to be set forth by the Independent Fiduciary and

AMENDED TRO AND ORDER LIFTING SEAL

3

such protections shall be maintained until closure of the liquidation process or until further order by this Court;

9. Nothing in the Stipulation or this Order shall be construed to relieve any fiduciary with respect to the Participating Plans or the Riverstone MEWA of any duty, responsibility, or liability under ERISA.

10. The case is **UNSEALED**. However, the documents noted below are to remain sealed:

    a. the REDACTED Temporary Restraining Order dated February 1, 2019 (Docket No. 11) shall be available on the public docket;

    b. the **UNREDACTED Temporary Restraining Order** dated February 1, 2019 (**Docket No. 12**) **shall remain sealed**.

    c. The Stipulation Re (Proposed) Amended Temporary Restraining Order, filed February 7, 2019, **shall remain sealed**.

    d. Amended Appendix A to this Order has been redacted such that only the last four digits of account numbers and EINs are visible; this REDACTED Order shall be filed publicly.

    e. This **Sealed Order** and the **UNREDACTED** Amended Appendix A shall be **filed and remain sealed**.

11. Defendants are ordered to show cause why a preliminary injunction should not issue with all the relief specified in the Secretary's Application for a Temporary Restraining Order and supporting Memorandum dated February 1, 2019, by **March 7, 2019**, with a preliminary injunction hearing on **March 11, 2019** at **3:00 p.m.**

IT IS SO ORDERED.

Dated:  February 7, 2019

_____
Michael W. Fitzgerald
United States District Judge

AMENDED TRO AND ORDER LIFTING SEAL

4

## Amended Appendix A

| Account Number | Account Holder | EIN |
|---|---|---|
| ****_****_2604 | Riverstone Capital LLC | **-***7994 |
| ****_****_4787 | Riverstone Capital LLC | **-***7994 |
| ****_****_5029 | Riverstone Capital LLC | **-***7994 |
| ****_****_5003 | Riverstone Capital LLC | **-***7994 |
| ****_****_5016 | Riverstone Capital LLC | **-***7994 |
| ****_****_1794 | Riverstone Capital LLC | **-***7994 |
| ****_****_1781 | Riverstone Capital LLC | **-***7994 |
| ****_****_2120 | Riverstone Capital LLC | **-***7994 |
| ****_****_2117 | Riverstone Capital LLC | **-***7994 |
| ****_****_1820 | Riverstone Capital LLC | **-***7994 |
| ****_****_1833 | Riverstone Capital LLC | **-***7994 |
| ****_****_1846 | Riverstone Capital LLC | **-***7994 |