Larry J. Caldwell  (SBN 88867)
larry.caldwell@caldwellfirm.net
CALDWELL LAW FIRM
21550 Oxnard Drive, 3rd Floor
Woodland Hills, CA  91367
Telephone:  (424) 382-3111

J. Graham Matherne  (Admitted *Pro Hac Vice*)
gmatherne@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1400
Nashville, TN  37201-1837
Telephone:  (615) 251-6708

Attorneys for Court-Appointed
Independent Fiduciary
Receivership Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor<br><br>    Plaintiff,<br><br>v.<br><br>RIVERSTONE CAPITAL, LLC, a California limited liability corporation;  NEXGEN INSURANCE SERVICES INCORPORATED, a California corporation;  NGI BROKERAGE SERVICES, INC., a California corporation;  JAMES C. KELLY, an individual;  TRAVIS O. BUGLI, an individual;  ROBERT CLARKE, an individual;  ERIK MANQUEROS, an individual,<br><br>    Defendants. | CASE NO. 19-CV-778-MWF (MAAx)<br>Honorable Michael W. Fitzgerald<br><br>**INDEPENDENT FIDUCIARY'S NOTICE OF MOTION AND MOTION TO APPROVE ITS [PROPOSED] ORDERLY PLAN OF LIQUIDATION AND FOR ORDER PROVIDING ALL WRITS ACT PROTECTION**<br><br>**Hearing Date**<br>Date:       April 29, 2019<br>Time:       10:00 a.m.<br>Location:  First Street Courthouse<br>                350 West First Street<br>                Courtroom 5A<br>                Los Angeles, CA 90012 |

1

1  TO THE CLERK OF THE COURT, ALL INTERESTED PARTIES AND THEIR
2  ATTORNEYS OF RECORD:
3     PLEASE TAKE NOTICE that on April 29, 2019 at 10:00 a.m., or as soon
4  thereafter as counsel may be heard, in Courtroom 5A of the above-referenced
5  Court located at 350 West First Street, Los Angeles, California, Receivership
6  Management Inc., as Court-appointed Independent Fiduciary will and does moves
7  this Court to enter an Order to Approve Its [Proposed] Orderly Plan of Liquidation
8  and for an Order Providing All Writs Act Protection.
9     This Motion will be based upon this Notice of Motion and Motion of
10 Independent Fiduciary to Approve Its [Proposed] Orderly Plan of Liquidation and
11 for an Order Providing All Writs Act Protection and Exhibits thereto, filed and
12 served concurrently herewith, the pleadings and records on file herein, and upon
13 any such oral or documentary matter as may be presented at the hearing of this
14 Motion.
15    Local Rule 7-3 requires that a conference amongst counsel be had at least 7
16 days prior to filing a motion wherein "the substance of the contemplated motion
17 and any potential resolution" is to be discussed.  Respectfully, discussion of
18 "potential resolution" of this Motion is not germane because the Motion herein
19 made – one seeking approval of the Independent Fiduciary's (Proposed) Orderly
20 Plan of Liquidation – is a motion made pursuant to the Court's order, *see* DE #41
21 at p. 6, ¶ 3 ("The Independent Fiduciary is ORDERED to submit to the Court, on
22 or before March 29, 2019, a proposed orderly plan of liquidation for review and
23 approval.").  Therefore, irrespective of conferring amongst counsel, this Motion
24 was to be filed on or before March 29, 2019. Moreover, the named Defendants are
25 in one of three different categories wherein discussion of "potential resolution" of
26 the Motion is not germane:  (1) having had a consent judgment entered against
27 them (Defendants Kelly, Bugli and Clarke – DE #41), (2) having been dismissed
28 from the action (Defendant Manqueros – DE #41 at p. 3, ¶ 1) or (3) having had

default entered against them (Riverstone Capital LLC, NexGen Insurance Services, Inc. and NGI Brokerage Services, Inc. – DE #38).  It is also the understanding of the Independent Fiduciary that none of the Defendants are presently represented by counsel.  Counsel for the Independent Fiduciary, however, did conduct a conference with counsel for the Secretary of the Department of Labor on March 21, 2019, regarding this Motion.

Dated:  March 29, 2019         CALDWELL LAW FIRM

By: *s/ Larry J. Caldwell*
     Larry J. Caldwell, Esq.

Dated:  March 29, 2019         WYATT, TARRANT & COMBS, LLP

By: *s/ J. Graham Matherne*
     J. Graham Matherne, Esq.

*Attorneys for Court-Appointed Independent Fiduciary Receivership Management, Inc.*

## I. INTRODUCTION

As ordered in the Redacted Consent Judgment and Order Acknowledging Plan Termination and Setting Date for Independent Fiduciary to Submit Orderly Plan of Liquidation ("Consent Judgment") (DE #41), the Independent Fiduciary submits this filing as its Motion to Approve Its [Proposed] Orderly Plan of Liquidation and for Order Providing All Writs Act Protection.

Pursuant to the Redacted Amended Temporary Restraining Order and Order Lifting Seal entered on February 7, 2019 (DE #22) ("Amended TRO"), Receivership Management, Inc. was appointed as temporary independent fiduciary ("IF") over the Riverstone MEA and Participating Plans ("Riverstone MEWA" or "Plan"). Amongst other matters, the IF was given authority to design and implement a fair process for paying out covered claims to the extent feasible. Based on the investigation conducted by the IF from its February 7, 2019 court appointment until at or near February 28, 2019, the IF determined that the Riverstone MEWA and Participating Plans were not viable and not subject to rehabilitation. Accordingly, on February 28, 2019, the IF issued a Notice of Benefit Fund Termination which stated, amongst other matters, that the Riverstone MEWA's condition was highly unstable and was unable to meet the obligations of providing medical benefits to the employees of sponsoring employers participating in the Riverstone MEWA and that the Riverstone MEWA would be terminated effective March 8, 2019 at 11:59 p.m. (Pacific time). This Notice of Benefit Fund Termination was mailed to all sponsoring employers, employee participants and medical care providers via mailing accomplished by the third-party administrators (Hawaii Mainland Administrators and S&S Strategies) beginning that day (February 28, 2019) and the following days as needed. Notice of the IF's termination of the Plan was submitted, through notice filing, to the Court on February 28, 2019 (DE #27), which included a copy of the Notice of Benefit Fund Termination and the Declaration of Robert E. Moore, Jr. setting forth the reasons

and considerations supporting that termination. The Court, via its Consent Judgment, has acknowledged the IF's authority to terminate, and action of terminating, the Riverstone MEWA. (DE #41 at p. 6, ¶ 5.) Moreover, the Court, in its Consent Judgment, ordered the IF to submit, on or before March 29, 2019, a proposed orderly plan of liquidation ("Proposed Liquidation Plan") for the Court's review and approval. *Id.*

## NOTICE OF MOTION AND NOTICE OF FURTHER ACTIONS REGARDING LIQUIDATION PLAN

### A. Notice of This Motion

The IF will provide notice of this Motion as set forth in the Proof of Service/Service List set forth herein. Regarding notice of this Motion to non-parties – employers, employee plan participants and medical providers – the Notice of Benefit Fund Termination (which was mailed to sponsoring employers, employee participants and medical providers beginning on February 28, 2019, and the days following, as needed) expressly states as follows:

> It is anticipated that the Orderly Plan of Liquidation will be submitted at or near the end of March, 2019. That filing will be posted on the website at www.receivermgmt.com/riverstone-nexgenhealthplan. You are directed to refer to that website at that time regarding matters relating to the Orderly Plan of Liquidation.

*See* DE #27-2. Therefore, the sponsoring employers, employee participants and the medical providers have been placed on notice of the late March 2019 submission of the Proposed Liquidation Plan and have been instructed to refer to the above-noted website regarding this filing. The IF is not providing further notice of this Motion to sponsoring employers, employee participants or medical providers.

/ / /

/ / /

B. <u>**Notice of Further Action Regarding Liquidation Plan**</u>

The financial status of the Riverstone MEWA is dire – some $36 million in unpaid claims and some approximate $3.5 million of assets that <u>might</u> be available to pay out of the Riverstone MEWA Liquidation Estate. *See* Declaration of Robert E. Moore, Jr. (attached as **Exhibit A**) at ¶¶ 3-4. Regarding that approximate $3.5 million in assets, administrative costs incurred by the IF are given first priority. Consent Judgment (DE #41) at p. 6, ¶ 4. The mailing of the Notice of Benefit Fund Termination referenced above, while necessary, was massive and was completed by the third-party administrators at a cost of approximately $123,000.00 Moore Declaration at ¶ 5. Given what has been incurred as administrative fees and expenses and what is reasonably expected to be incurred as administrative fees and expenses, the IF can ill afford to send out mailings to the sponsoring employers, employee participants and medical care providers at $123,000 per mailing. The Notice of Benefit Fund Termination provides the contact information for the IF – website address, e-mail address, phone number and mailing address (*see* DE #27-2) – and informs all recipients to contact the IF and access the referenced website with questions and/or for updated information. Moore Declaration at ¶ 5. Accordingly, as part of the Court's approval of the Proposed Liquidation Plan, and to conserve administrative expenses, the IF requests that the Court approve that notice of future actions regarding the Proposed Liquidation Plan, through posting on the website www.receivermgmt.com/ riverstone-nexgenhealthplan is adequate notice to the sponsoring employers, employee participants and medical providers.

## **PROPOSED ORDERLY PLAN OF LIQUIDATION**

Both the Amended TRO and Consent Judgment charged the IF to design and implement a fair process for paying out covered claims to the extent feasible. DE #22 at ¶ 4(a); DE #41 at ¶ 3. What constitutes a "fair process for paying out covered claims to the extent feasible" will no doubt be open to debate and criticism from self-interested groups. Some might say that the IF should simply add up the

processed claims in the aggregate and make a pro-rata distribution of cents on the dollar from the assets it controls – simple and sweet. But such would likely expose the employee participants, and perhaps the employer groups, to collection actions from medical providers and would likely frustrate efforts by the employers which have viable stop loss coverage from having eligible claims to make to the stop loss insurer. In proposing the Proposed Liquidation Plan that is attached as **Exhibit B** hereto, the IF is guided by several considerations:

1. The employee participants – who are truly the most innocent of victims in this dire situation – should be protected to the fullest extent possible (indeed the Court has recognized this as a significant concern through its providing "All Writs Act" protection to the employee participants during the pendency of this action (Consent Judgment (DE #41) at p. 9, ¶ 12));

2. The sponsoring employers entered into what has been held as a self-funded multiple employer welfare arrangement. Consent Judgment (DE #41) at p. 2, ¶ I;

3. The Plan documents applicable to the sponsoring employers provide that the sponsoring employer shall pay Plan benefits and administrative expenses. Moore Declaration at ¶ 6 (attached as **Exhibit A** hereto); and

4. Similarly, the Complaint filed in this action by the Secretary of the Department of Labor states that contractual documents between the Riverstone MEWA and employers indicate that the participating employers were responsible to cover any underfunding of claims. Complaint at ¶43.

With those considerations in mind, the IF submits the attached Proposed Liquidation Plan (**Exhibit B** hereto) that, in general, demands payment from each sponsoring employer of the amounts of its employees' unpaid claims, said payment

7

to be through the applicable third-party administrator for payment to the applicable medical service provider. The Proposed Liquidation Plan provides for a deadline for all claims to be submitted to the relevant third-party administrators and for the third-party administrator to create unpaid claims runs for each sponsoring employer that the IF will provide to each employer. Upon receipt of its individualized unpaid claims run, each sponsoring employer will be responsible for paying or otherwise addressing its unpaid claims by a certain date. Each sponsoring employer group will have the ability to present a Proof of Claim ("POC") to the Riverstone MEWA Liquidation Estate for the amount of unpaid claims it paid. Other POCs can be submitted by employers, employee plan participants, medical providers and non-medical service claimants. Those POCs will be reviewed and adjudicated by the IF. Sponsoring employers which do not pay the unpaid claims for its employees, as set forth in the individualized unpaid claims runs that each will receive, will be subject to suit brought by the IF for those unpaid claim amounts.

The IF asserts that, given the above-stated considerations, the Proposed Liquidation Plan, attached hereto as **Exhibit B**, does implement a fair process for paying out covered claims to the extent feasible and moves the Court to approve it.

## A.     Summary of Proposed Liquidation Plan

The Proposed Liquidation Plan states that the existing third-party administrators will process all claims received with dates of service through the date upon which the particular sponsoring employer either was terminated from the Plan (e.g. the date through which premiums/premium equivalents/contributions were paid) or through the March 8, 2019 termination date (*see*, DE #27) whichever is later. The third-party administrators will provide each employer with a "claims run" of those unpaid claims. Each sponsoring employer will be instructed to pay the unpaid claims of its employee participants, through the applicable third-party administrator, to the applicable medical care provider(s) and obtain releases from

8

those medical care providers. In doing so, the sponsoring employer can utilize the existing third-party administrators, for which the third-party administrator will bill the employer group, in contacting the particular medical providers and reaching agreements as to the amount of unpaid claims to be paid (e.g. negotiating down the unpaid amount, repricing, etc.).

The third-party administrators are currently, and will continue, processing claims and establishing processed, adjudicated (but unpaid) amounts for those claims. The Proposed Liquidation Plan establishes a May 7, 2019 deadline after which no further medical claims will be accepted from any source by the third-party administrators for processing. While the Proposed Liquidation Plan contemplates that the processing of claims received by the third-party administrators is, and will continue to be, "on-going", final unpaid claims runs will be provided to each sponsoring employer by June 1, 2019. Each employer will then have until July 15, 2019 either to have paid the unpaid claims amounts or to have made agreements with and paid the relevant medical care providers the agreed upon amounts (and secured releases from the medical care providers). To the extent that employers do not pay, or partially pay, the unpaid claims for medical care provided to its employee participants, then the IF will make demand upon the sponsoring employer to pay such amount, as shown on the unpaid claims runs, and if that demand is not addressed, then the IF will consider institution of suits as against the non-responsive employer(s).

The Proposed Liquidation Plan provides for a Proof of Claim ("POC") procedure whereby claims by sponsoring employers who paid the unpaid claims amounts, other medical care related claims and non-medical care related claims will be received by the IF. The Proposed Liquidation Plan sets forth a POC submission deadline of August 15, 2019. The Proposed Liquidation Plan states that within 30 days of the Court's approval of the Proposed Liquidation Plan, the IF will post on the website POC Forms, along with instructions for use by

sponsoring employers, employee participants and medical providers in submitting a claim as against the Riverstone MEWA assets. At that time, the IF will mail to those persons or entities, of who/which it is aware that may have a non-medical related claim, a POC Form with instructions. The IF will review, adjudicate and issue a determination of the POC claim to the claimant. The instructions will set forth a procedure for any POC claimant to request reconsideration if it is dissatisfied with the IF's determination of the POC and if further dissatisfied petition this Court for review and final determination.

The Proposed Liquidation Plan also notes that the IF will review information regarding potential claims or causes of action to be brought in the effort to increase the amount of assets available to pay claims and administrative expenses. Finally, the Proposed Liquidation Plan states that upon completion of the POC process and upon the completion of any asset recovery efforts, the IF will submit to the Court a plan of distribution of available assets for the Court to approve.

## II. **INDEPENDENT FIDUCIARY'S REQUEST THAT THE COURT ORDER, UNDER 28 U.S.C. § 1651, THAT ANY PURSUIT OF A CLAIM AGAINST THE PLAN ASSETS, OUTSIDE OF THE PROCEDURES SET FORTH IN THE LIQUIDATION PLAN, BE ENJOINED OR OTHERWISE PROHIBITED.**

The attached Proposed Liquidation Plan sets forth the POC procedures by which all claimants are to pursue his/her/its claim as against the assets of the Plans. The establishment of a comprehensive liquidation procedure is a necessary component of the IF fulfilling its duties under the Court's Consent Judgment (*see* DE #41 at p. 6, ¶ 3). The procedures set forth in the attached Proposed Liquidation Plan provide for the centralization of claims and the fair treatment and determination of the claims against the assets of the Plans. The Proposed Liquidation Plan provides the means to address all of the claims as against the assets of the Plans equitably without having to address claimants who/which could try to race to another forum to "get ahead" of the others with regard to their claims.

These rationales supported the entry of the All Writs Act Order portion of the Consent Judgment – DE #41 at ¶ 12 – and the IF asserts those same rationales apply regarding protections needed in relation to the Proposed Liquidation Plan.

The All Writs Act (28 U.S.C. §1651) provides that:

> [A]ll courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Therefore, a federal court may issue orders under the All Writs Act as may be necessary or appropriate to effectuate its orders and/or prevent frustration of its orders. *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice . . . , and, encompass even those who have not taken any affirmative action to hinder justice.") (brackets added; citations omitted).

As noted above, the Consent Judgment entered in this action (DE #41) expressly stated that:

> 1)   The IF has exclusive control over the plan assets of the Riverstone MEWA and Participating Plan.
>
> 2)   The IF has the authority to adjudicate and pay or deny any and all claims submitted to the Riverstone MEWA and Participating Plans.
>
> 3)   The IF is to design and implement an orderly plan of liquidation for paying out covered-claims to the extent feasible.

Consent Judgment (DE #41) at p. 3, ¶ 2b; p. 4, ¶ 2 g; and p. 6 at ¶ 3.  Therefore, the Consent Judgment gives the IF the sole authority to establish a plan of liquidation to address all claims against the assets of the Plans.  If claimants do not follow that liquidation plan, but rather choose to make claims in other forums as against the assets of the Plans, then the orderly, centralized and equitable treatment of claims

made against the assets of the Plans will be frustrated. Accordingly, an order staying, enjoining and/or prohibiting any effort by a person or entity to claim against the assets of the Plans, outside of the procedures set forth in the Proposed Liquidation Plan, is needed in aid of effecting the above-quoted portions of the Consent Judgment.

The All Writs Act relief requested herein would not be barred by the Anti-Injunction Act (28 U.S.C. § 2283)[1] because, to the IF's knowledge, there are no current state court actions wherein a person or entity is pursuing a claim as against the assets of the Plans controlled by the IF. Moore Declaration (**Exhibit A** hereto) at ¶ 7. *See In re Joint Eastern and Southern Dist. Asbestos Litigation*, 134 F.R.D. 32, 37 (E. & S.D. N.Y. 1990) (Anti-Injunction Act applies only as to pending state court proceedings and does not effect a federal court's power to enjoin future state court actions or any actions in other federal courts).

Even if the Anti-Injunction Act did apply, it would not prohibit the relief sought by the IF because the relief sought by the IF is the only means of ensuring that an orderly plan of addressing all claims against the assets of the Plans is established – a matter critical to the implementation of the Court's Consent Judgment. Therefore, the relief requested by the IF falls squarely within the "where necessary in aid of its jurisdiction" exception to the Anti-Injunction Act. *See Archer v. Chisholm*, 870 F. 3d 603, 621 (7th Cir 2017); *In re; Consolidated Welfare Fund ERISA Litigation*, 798 F. Supp. 125, 128 (S.D. N.Y. 1992).

Finally, both the "order in aid of jurisdiction" provision of the All Writs Act and the "order in aid of jurisdiction" exception to the Anti-Injunction Act would apply to this situation where the Court has taken jurisdiction over the assets of the

---

[1] The Anti-Injunction Act generally prohibits federal courts from enjoining <u>pending</u> state court proceedings <u>unless</u> expressly authorized by Acts of Congress or <u>where necessary in and of its jurisdiction</u> or <u>to protect or effectuate its judgments</u>. 28 U.S.C. §2283.

Plans and placed them under the exclusive control of the IF to be managed and to adjudicate claims against those assets. *See* DE #41, p. 3, ¶ 2b and p. 4, ¶ 2g.

Having exercised jurisdiction over the "property" (i.e. the assets of the Plans), it is reasonable for the Court to enter an order as requested by the IF so as to "preclude other courts from exercising control over that same property." *In re: Consolidated*, 798 F. Supp. at 127 n. 3. If a person or entity is allowed to pursue, in another venue/forum, his/her/its claim as against the assets of the Plans outside of the procedures of the Proposed Liquidation Plan, then there will be a "race to the courthouse" in relation to claims against the assets of the Plans, the result being the frustration of an orderly liquidation and distribution of the assets of the Plans to approved claimants.

While the IF anticipates – and certainly hopes – that claims against the assets of the Plans will be made through the process set forth in the Proposed Liquidation Plan, it is foreseeable that a claimant will balk at that process and pursue claims against the assets of the Plans in another forum. Under the All Writs Act, the Court has broad equitable powers and discretion to enter orders in aid of its jurisdiction/to protect against frustration of its orders. *See Cutler v. The 65 Security Plan,* 831 F. Supp. 1008, 1013 (E.D. N.Y. 1993). *See also Acosta v. AEU Benefits, LLC, et al.*, (N.D. Ill., #1:17-cv-07931-JHL-SMF), Order Granting Independent Fiduciary's Motion to Approve Proposed Orderly Plan of Liquidation Including Entry of "All Writs Act" Order (DE #146 in that case) (4/18/18), attached as **Exhibit C** hereto. Accordingly, the IF requests that the Court, in conjunction with approving the Proposed Liquidation Plan, enter an order (in a fashion parallel to the All Writs Act Order previously entered as part of the Consent Judgment in this matter – DE #41 at ¶ 12) that expressly (a) stays, enjoins or prohibits any action pursued by a person or entity regarding any claim made against the assets of the Plans outside of the procedures and processes set forth in the Proposed Liquidation Plan and (b) maintains such protections during the

13

pendency of the liquidation process (as envisioned in the Proposed Liquidation Plan) or until further order of the Court.

The IF will submit to the Court, as per Local Rules of Court a [Proposed] Order Granting Independent Fiduciary's Motion to Approve its Orderly Plan of Liquidation and Order Providing All Writs Act Protection ("Proposed Order") for the Court's consideration and entry. If the Proposed Order is entered, the IF will provide notice of such by immediately posting it at the website being used in relation to this matter (www.receivermgmt.com/riverstone-nexgenhealthplan).

Dated: March 29, 2019            CALDWELL LAW FIRM

                                 By: *s/ Larry J. Caldwell*
                                     Larry J. Caldwell, Esq.

Dated: March 29, 2019            WYATT, TARRANT & COMBS, LLP

                                 By: *s/ J. Graham Matherne*
                                     J. Graham Matherne, Esq.

                                 *Attorneys for Court-Appointed Independent Fiduciary Receivership Management, Inc.*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California. I am over the age of 18 years and not a party to the within action. My business address is Caldwell Law Firm, 21550 Oxnard Drive, 3rd Floor, Woodland Hills, CA 91367.

On the date set forth below, I caused the foregoing document described as:

**INDEPENDENT FIDUCIARY'S NOTICE OF MOTION AND MOTION TO APPROVE ITS [PROPOSED] ORDERLY PLAN OF LIQUIDATION AND FOR ORDER PROVIDING ALL WRITS ACT PROTECTION**

to be serve on all other parties and/or their attorney(s) of record to this action as follows:

**SEE ATTACHED SERVICE LIST**

__X__ **BY CM/ECF SYSTEM** In accordance with the electronic filing procedures of this Court, I certify that I caused a copy of the above document to be served upon the following counsel of record, who are registered participants of this Court's CM/ECF system, via the court's CM/ECF System on March 29, 2019.

__X__ **BY ELECTRONIC MAIL** I served the above document to the e-mail address(es) listed in the attached Service List on March 29, 2019. A true and correct copy of said transmittal will be produced if requested by any party or the court.

__X__ **BY MAIL** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. The envelope was placed for deposit in the United States Postal Service on March 29, 2019. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

__X__ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2019, at Woodland Hills, California.

                        *s/ Larry J. Caldwell*
                        LARRY J. CALDWELL

**SERVICE LIST**
*ACOSTA v. RIVERSTONE CAPITAL, et al.*
**USDC Case No. 19-CV-778-MWF (MAAx)**

***Attorneys for Plaintiff via CM/ECF***

Ian H. Eliasoph, Esq.
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Eliasoph.Ian@dol.gov

Grace A. Kim, Esq.
U.S. Department of Labor
350 S., Figueroa Street, Suite 370
Los Angeles, CA 90071
Kim.Grace@dol.gov

***Defendants, In Pro Per, via Electronic Mail and First Class Mail***

Riverstone Capital, LLC
c/o Travis O. Bugli
11311 Queensbury Drive
Bakersfield, CA 93312
buglitravis@gmail.com

NexGen Insurance Services, Inc.
c/o Travis O. Bugli
11311 Queensbury Drive
Bakersfield, CA 93312
buglitravis@gmail.com

NGI Brokerage Services, Inc.
c/o Travis O. Bugli
11311 Queensbury Drive
Bakersfield, CA 93312
buglitravis@gmail.com

/ / /

1  James C. Kelly
2  332 Flower Street
   Costa Mesa, CA  92627
3  James_C_Kelly@yahoo.com

4
   Travis D. Bugli
5  11311 Queensbury Drive
   Bakersfield, CA  93312
6  buglitravis@gmail.com

7
8  Robert Clarke
   24159 Twin Tides Drive
9  Santa Clarita, CA  91355
10  RMC90292@yahoo.com

11
   Erik Manqueros
12  1159 Aileron Avenue
   La Puente, CA  91744
13  Erik.Manqueros2015@yahoo.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27  61821274.3

28