JANET M. HEROLD, Regional Solicitor
IAN H. ELIASOPH, Counsel for ERISA
CA State Bar No. 227557
GRACE A. KIM, Senior Trial Attorney
CA State Bar No. 247456
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-3950
Facsimile:  (213) 894-2064
kim.grace@dol.gov

Attorneys for Plaintiff, Secretary,
United States Department of Labor

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERSTONE CAPITAL LLC, a California limited liability corporation; NEXGEN INSURANCE SERVICES INCORPORATED, a California corporation; NGI BROKERAGE SERVICES, INC., a California corporation; JAMES C. KELLY, an individual; TRAVIS O. BUGLI, an individual; ROBERT CLARKE, an individual; and ERIK MANQUEROS, an individual.<br><br>    Defendants. | Case No. 19-cv-778-MWF (MAAx)<br><br>**PLAINTIFF SECRETARY OF LABOR'S STATEMENT OF POSITION RE NATIONS RELIABLE LENDING, LLC'S OPPOSITION TO INDEPENDENT FIDUCIARY'S MOTION TO APPROVE ITS [PROPOSED] ORDERLY PLAN OF LIQUIDATION AND FOR ORDER PROVIDING ALL WRITS ACT PROTECTION (DKT. 55)** |

1  PLEASE TAKE NOTICE that Plaintiff R. ALEXANDER ACOSTA, United States Secretary of Labor ("Plaintiff" or the "Secretary"), submits this position statement regarding Nations Reliable Lending, LLC ("NRL")'s Opposition to the Independent Fiduciary's Motion to Approve its [Proposed] Orderly Plan of Liquidation and for Order Providing All Writs Act Protection (Dkt. 55).

Although the Secretary is not directly implicated in NRL's Opposition to the Independent Fiduciary's motion, the Secretary files the instant position statement given that he is the named Plaintiff in this action and in order to address NRL's misplaced suggestions that it may not be responsible for paying its employee's health claims because it had a contract (Dkt. 55-2) with Riverstone Capital whereby Riverstone would pay such claims. To the contrary, NRL is an ERISA fiduciary and responsible for paying its employees' health claims.

NRL's Opposition largely overlooks the controlling Plan Document and Summary Plan Description (Dkt. 55-3) clearly explaining that NRL's plan was a self-funded plan, that NRL was responsible for paying employee health claims, and naming NRL as plan administrator and fiduciary:

- Dkt. 55-3, p. 93: *The Plan is a self-funded group health Plan and the administration is provided through a Third Party Claims Administrator. The funding for the benefits is derived from the funds of the Employer. The Plan is not insured.*
- p. 6: *Nations Reliable Lending shares the cost of Employee and Dependent coverage under this Plan with the covered Employees.*
- p. 91: *The cost of the Plan is funded as follows: For Employee and Dependent Coverage: Funding is derived from the funds of the Employer and contributions made by the covered Employees.*

Here, NRL chose to enter into the Riverstone MEWA to have purportedly affordable health coverage for its employees and was specifically designated as plan administrator and named fiduciary in the controlling Plan Document. (Dkt.

55-3, p. 93). Through its discretionary actions and designation as a plan administrator, NRL was an ERISA fiduciary and subject to the "'highest [duties] known to the law.'" *Johnson v. Couturier*, 572 F.3d 1067, 1077 (9th Cir. 2009) (*quoting Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996), *cert. denied*, 520 U.S. 1237 (1997) (*quoting Donovan v. Bierwirth*, 680 F.2d 263, 272 n. 8 (2d Cir. 1982), *cert. denied*, 459 U.S. 1069 (1982))); *Donovan v. Mercer*, 747 F.2d 304, 309 (5th Cir. 1984) ("some offices of an employee benefit plan, such as trustee or plan administrator, by their very nature require those who hold them to perform fiduciary functions[.]") (*citing* 29 C.F.R. § 2509.75-8 at D-3); *Yeseta v. Baima*, 837 F.2d 380, 384 (9th Cir. 1988) (same).

NRL suggests that although its HR & Payroll Manager's electronic signature appears on the Plan Document and SPD (Dkt. 55-3, p. 94), she may not have authorized anyone to electronically sign the document on her behalf and NRL claims that it has been unable to locate a copy of this document in its files. (*See* Dkt. 55-1 (DeDominicis Decl.), ¶ 3) To the extent this may be true, NRL's failure to even procure a copy of the controlling Plan Document for its own records or circulate a copy of the SPD to its employees in and of itself is likely a violation of ERISA § 404's prudence requirements. In its apparent failure to do so, NRL did not even know what kind of health plan it was offering to its employees, what its operative terms were, and failed to inform its employees of the same. *See Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, CV 14-03053 MWF (VBKx), 2015 WL 12778048, at *34 (C.D. Cal. Oct. 23, 2015) (Fitzgerald, J.) ("ERISA requires welfare benefit plans to be established and maintained pursuant to a written instrument" and "an employer must provide employees with a written Summary Plan Description ('SPD') which describes the employees' plan.") (*citing* 29 U.S.C. §§ 1102(a)(1), 1102(b); 29 U.S.C. § 1022(a)(1); *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1329 (9th Cir. 1996)); *see also* ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) ("a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . <u>in accordance with the documents and instruments governing the plan</u> insofar

as such documents and instruments are consistent with [ERISA]") (emphasis added).[1]

In addition to the signed Plan Document and SPD, NRL also entered into a separate Administrative Services Agreement ("ASA") with third party claims administrator S&S Healthcare Strategies, Ltd. ("S&S") specifying that NRL was "Plan Sponsor" responsible for paying medical claims. (Declaration of Dina Yadegarian in support of Secretary's Position Statement, Exh. 1, p. 1 of 15) This ASA appears to have been electronically signed by NRL's HR & Payroll Manager on September 19, 2018 (*id.* at p. 15 of 15). Among other things, the ASA specifies:

- Page 6, Section 4 outlines the banking arrangements that the Plan Sponsor is required to set up for S&S to process and pay claims. Section 4.1 specifically states that "[f]unds used to pay Plan benefits shall be provided by the Plan Sponsor."
- Page 6, Section 4.2 specifies that the "Plan Sponsor shall provide sufficient amounts to the Plan's program manager, Riverstone Capital, LLC, to fund the medical claims component per invoice." Section 4.2 also states that "[i]f funds have not been provided for the payment of approved claims, S&S reserves the right to notify claimants and providers of services that the account has not been funded by the Plan Sponsor."

Moreover, the contract upon which NRL relies (Dkt. 55-2) to claim that Riverstone Capital would pay NRL employees' health claims was entered between NRL and Riverstone Capital LLC, the corporate entity -- not the plan -- and is not a controlling plan document. In any event, NRL appears to cherry pick from that

---

[1] If it is true that NRL did not maintain a copy of the Plan Document and SPD such that it did not distribute the SPD to its employees, then NRL's employees certainly are the "most innocent victims" in this situation. (*See* Dkt. 55, 4:9-10).

contract as it contains other provisions regarding NRL's funding of health claims. (*See* Dkt. 55-2, Section D.1: "Client [NRL] agrees to pay RC [Riverstone Capital] and its vendors (e.g. HMA, S&S, US Health Center, Well Dyne PBM RX, Cigna PBM RX, etc.) a level self-funded maximum claims amount ('Funding Contribution') on a monthly billed basis.")

      For the same reasons that apply here, other employers that created plans for their employees to participate in the Riverstone MEWA have liability regardless of whether they claim to have not seen or signed any controlling Plan documents or whether they entered a separate contract with Riverstone Capital.

Respectfully submitted,

Dated: April 15, 2019

JANET M. HEROLD
Regional Solicitor

IAN H. ELIASOPH
Counsel for ERISA

By:   */s/ Grace A. Kim*
     GRACE A. KIM
     Senior Trial Attorney

Attorneys for the Plaintiff

**DECLARATION OF SERVICE**

I, the undersigned declarant, hereby say:

1. I am over the age of 18 years and am not a party to this litigation.
2. I am employed in the Office of the Solicitor and am an attorney of record herein for the U.S. Department of Labor.
3. On the date indicated below, I caused to be served a true and correct copy of the attached **PLAINTIFF SECRETARY OF LABOR'S STATEMENT OF POSITION RE NATIONS RELIABLE LENDING, LLC'S OPPOSITION TO INDEPENDENT FIDUCIARY'S MOTION TO APPROVE ITS [PROPOSED] ORDERLY PLAN OF LIQUIDATION AND FOR ORDER PROVIDING ALL WRITS ACT PROTECTION (DKT. 55)** by depositing in a U.S. Postal Service mail box located in Los Angeles, California, a copy thereof in a sealed, postage-paid envelope addressed to:

> Riverstone Capital, LLC
> c/o Travis O. Bugli
> 11311 Queensbury Drive
> Bakersfield, CA 93312
> buglitravis@gmail.com
>
> NexGen Insurance Services, Inc.
> c/o Travis O. Bugli
> 11311 Queensbury Drive
> Bakersfield, CA 93312
> buglitravis@gmail.com
>
> NGI Brokerage Services, Inc.
> c/o Travis O. Bugli
> 11311 Queensbury Drive
> Bakersfield, CA 93312
> buglitravis@gmail.com
>
> James C. Kelly
> 332 Flower St.
> Costa Mesa, CA 92627
> James_C_Kelly@yahoo.com

Travis D. Bugli
11311 Queensbury Drive
Bakersfield, CA 93312
buglitravis@gmail.com

Robert Clarke
24159 Twin Tides Drive
Santa Clarita, CA 91355
RMC90292@yahoo.com

4. This Declaration was duly executed in Los Angeles, California, on the date indicated below.

I have read this Declaration and hereby say, under penalty of perjury, that this Declaration is true and correct.

Dated: April 15, 2019

__/s/ *Grace A. Kim*____

Grace A. Kim
Declarant