UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-778-MWF (MAAx)         **Date:** April 18, 2019

**Title:** R. Alexander Acosta v. Riverstone Capital LLC, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: EX PARTE APPLICATION TO PERMIT CALIFORNIA EXPANDED METAL PRODUCTS CO. TO INTERVENE IN THIS ACTION [67]

On April 15, 2019, California Expanded Metal Products Co. ("CEMCO") filed an Objection to the Independent Fiduciary's Motion for Orderly Plan of Liquidation (the "Objection"). (Docket No. 63). On April 17, 2019, CEMCO filed an Ex Parte Application to Permit California Expanded Metal Products Co. to Intervene in this Action (the "Application"). (Docket No. 67).

Through its Application, CEMCO argues that it should be permitted to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). (*Id.* at 4–7).

The Ninth Circuit employs a four-part test to determine whether intervention should be granted as a matter of right under Rule 24(a)(2): (1) the motion to intervene must be timely; (2) the proposed intervenor must have a "significant protectable interest" in the action; (3) the disposition of the action may, as a practical matter, impede that interest; and (4) the existing parties must not adequately represent that interest. *United States v. Sprint Commc'n, Inc.*, 855 F.3d 985, 990–91 (9th Cir. 2017) (affirming denial of motion to intervene as of right in a *qui tam* action).

Here, CEMCO seeks to intervene ***not*** to actively participate in this litigation but rather, "out of an abundance of caution . . . [to] ensure that its objections will be considered and that it will have an opportunity to protect its interests as the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-778-MWF (MAAx)          **Date:** April 18, 2019
**Title:**     R. Alexander Acosta v. Riverstone Capital LLC, et al.

progresses." (App. at 3). Plaintiff Secretary of Labor R. Alexander Acosta does not oppose and the Independent Fiduciary takes no position on the Application. (Declaration of Roza C. Rosner ("Rosner Decl.") ¶¶ 3–4 (Docket No. 67-1)).

Having considered the Application, the Court concludes that CEMCO's request to intervene is proper:

First, the Application was filed about two weeks after the Independent Fiduciary's Motion for Orderly Plan of Liquidation.

Second, CEMCO, as one of the many impacted employers who participated in Defendants' offered plan that will now be liquidated, has a clear "significant protectable interest" in the action.

Third, without CEMCO's intervention, the plan of liquidation may impair or impede CEMCO's ability to protect its interests.

Finally, the existing parties and the Independent Fiduciary do not appear to adequately represent the interests of CEMCO and other employers and are instead primarily focused on protecting the employees. The Court separately notes that it recently permitted another objector, Nations Reliable Lending, LLC ("NRL"), to intervene in this action for the same reasons as articulated in CEMCO's Application. (*See* Docket No. 57). But as pointed out by CEMCO, it appears that "there were a number of different agreements used for the [plan] and different former participants have different contractual obligations," so the factual differences place CEMCO in a materially different position than NRL or other participants. (App. at 6–7).

Accordingly, the Application is **GRANTED**. The Court wants to make clear that this grant is only to the extent that CEMCO's Objection will be considered.

IT IS SO ORDERED.