UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>       Plaintiff,<br><br>     v.<br><br>**RIVERSTONE CAPITAL LLC**, a California limited liability corporation; **NEXGEN INSURANCE SERVICES INCORPORATED**, a California corporation; **NGI BROKERAGE SERVICES, INC.**, a California corporation; **JAMES C. KELLY**, an individual; **TRAVIS O. BUGLI**, an individual; **ROBERT CLARKE**, an individual; **ERIK MANQUEROS**, an individual.<br><br>       Defendants | Case No.: CV 19-778-MWF (MAAx)<br><br>**DEFAULT JUDGMENT AGAINST DEFENDANTS RIVERSTONE CAPITAL LLC; NEXGEN INSURANCE SERVICES, INC.; NGI BROKERAGE SERVICES, INC.** |

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or "Secretary") has filed his Complaint against Defendants for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* (Docket No. 1); Defendants RIVERSTONE CAPITAL LLC, a California limited liability corporation; NEXGEN INSURANCE SERVICES, INCORPORATED, a California corporation; and NGI BROKERAGE SERVICES, INC., a California corporation, have been duly served with a copy of the Summons and Complaint (Docket Nos. 24–26); and Default has been entered by the Clerk of this Court against these same Defendants for failure to appear, serve, or file any answer or other pleading (Docket No. 38); now therefore, it is on Motion for Default Judgment, filed by Plaintiff Secretary and for cause shown, IT IS HEREBY

**ORDERED** that Plaintiff's Motion be, and hereby is, granted in full and that judgment by default be entered in favor of Plaintiff Secretary of Labor and against Defendant RIVERSTONE CAPITAL LLC; NEXGEN INSURANCE SERVICES, INCORPORATED; and NGI BROKERAGE SERVICES, INC. ("Default Defendants") in accordance with the prayer for relief in Plaintiff's Complaint herein; and **IT IS HEREBY FOUND THAT**

A. The Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1) and venue lies in the United States District Court for the Central District of California, Western Division, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

B. Default Defendants are or were fiduciaries to the Riverstone Plan, a multiple employer welfare arrangement ("Riverstone MEWA"), that provides medical benefits to employers and their employees through approximately 112 employer clients with ERISA-covered participating plans ("Participating Plans").

C. Default Defendants violated Sections 403, 404, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, and 1106, with respect to the Riverstone MEWA and Participating Plans by, and as detailed more fully in the Complaint, failing to hold plan assets in

trust; engaging in self-dealing by paying themselves out of plan assets and setting their own compensation; and failing to act prudently by failing to pay processed health claims, failing to disclose to employers that the Riverstone MEWA and Participating Plans were severely underfunded, and by operating as a MEWA without a state license.

D. As a result of the aforementioned ERISA violations, Default Defendants are jointly and severally liable for unpaid medical claims as detailed more fully in the Complaint.

E. This Default Judgment is intended to ensure that Plan participants' medical claims are paid to the greatest extent possible under the circumstances.

IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** that:

1. Default Defendants are PERMANENTLY ENJOINED as fiduciaries, service providers, trustees, and administrators of the Riverstone MEWA and Participating Plans;

2. The Default Defendants shall abide by all relevant provisions impacting Default Defendants contained in the March 13, 2019 Consent Judgment entered with respect to individual Defendants (Docket No. 41) ("Individual Defendants Consent Judgment").  Nothing in this Default Judgment is intended to modify or supersede the Individual Defendants Consent Judgment. The provisions in this Default Judgment shall relate only to the relief ordered against Default Defendants;

3. Default Defendants are enjoined from coercing, intimidating, interfering with or attempting to coerce, intimidate, or interfere with the Court appointed independent fiduciary Receivership Management, Inc. ("Independent Fiduciary") or with the agents, employees or representatives of the Independent Fiduciary;

4. Default Defendants shall cooperate fully with the Independent Fiduciary and/or its successors, agents, employees or representatives, by among other things:

  a. Delivering or otherwise making available to the Independent Fiduciary all books, records, bank accounts, and documents of every nature relating in any manner to the management and operation of the Riverstone MEWA and Participating Plans;

  b. Authorizing third parties in possession of documents or information relevant to the Riverstone MEWA and Participating Plans' administration and management to turn over such documents and information to the Independent Fiduciary, including but not limited to the funds in the Exhibit A accounts and Additional Riverstone Accounts referenced in Paragraph 5, below; and

  c. Facilitating the transfer of possession and control of the assets of the Riverstone MEWA and Participating Plans to the Independent Fiduciary;

5. Within seven (7) business days of the date of entry of this Order, Default Defendants shall provide to the Independent Fiduciary all bank account numbers and financial institution information holding any assets of the Riverstone MEWA and Participating Plans ("Plan Assets"), and/or of the Default Defendants not already within the possession or control of the Independent Fiduciary ("Additional Riverstone Accounts") and, within ten (10) business days, shall transfer all assets in the Additional Riverstone Accounts to the Independent Fiduciary for the purpose of paying covered medical claims and necessary service providers to the greatest extent feasible;

  a. "Plan Assets" include any assets controlled by Defendants which are or were traceable to employer/employee payments made to any Defendant for the purpose of receiving health coverage or to participate in the Riverstone MEWA and any proceeds, assets or claims derived from those payments. This shall include, but is not limited to, all premiums (also known as premium equivalents and contributions), paid by employers participating in the Riverstone MEWA that originated from employer accounts and were

transferred to Riverstone (including, but not limited to, transfers to Riverstone's general corporate bank accounts ending in 5003, 5016, 4787), before they may have been transferred by Riverstone and/or its officials to any other accounts.

6. Default Defendants shall immediately terminate any contracts or agreements for services that they jointly and severally, have or have had with any entities relating to the Riverstone MEWA and Participating Plans and may not receive additional monies or compensation due under any such contracts or agreements for services;

7. Default Defendants relinquish and forfeit any claim on the assets described in Paragraph 5 and Exhibit A. All such assets shall be deemed Plan Assets. To the extent Default Defendants personally guaranteed loans that were commingled with Plan Assets, they each relinquish all counterclaims or causes of actions against the Independent Fiduciary for refusing to repay such loans;

8. To the extent any accounts receivable are owed to Default Defendants from any party, they shall instead be considered a receivable of the Independent Fiduciary and all payments shall be sent to Receivership Management, Inc., c/o Robert E. Moore, Jr., 510 Hospital Drive, Suite 490, Madison, TN, 37115;

9. Default Defendants shall bear their own costs, expenses, and attorney's fees incurred in connection with any stage of this proceeding, including but not limited to attorney's fees which may be available under the Equal Access to Justice Act, as amended;

10. Nothing in this Default Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration, in relation to the specific civil allegations set forth in this Complaint, or on any private party not named in this action;

11. Nothing in this Default Judgment is binding on any non-ERISA covered plan that has participated in the Riverstone MEWA and has not requested in writing to be a part of the Independent Fiduciary's process;

12. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Default Judgment.

The Court directs entry of this Default Judgment and Order as a final order, pursuant to Federal Rule of Civil Procedure 58 and Local Rule 58-6.

IT IS SO ORDERED.

Dated: May 1, 2019

_____
Michael W. Fitzgerald
United States District Judge

# Exhibit A to Consent Judgment

| Account Number | Account Holder | EIN/TIN |
|---|---|---|
| Bank of America | | |
| **********2604 | Riverstone Capital LLC | ******7994 |
| **********4787 | Riverstone Capital LLC | ******7994 |
| **********5029 | Riverstone Capital LLC | ******7994 |
| **********5003 | Riverstone Capital LLC | ******7994 |
| **********5016 | Riverstone Capital LLC | ******7994 |
| **********1794 | Riverstone Capital LLC | ******7994 |
| **********1781 | Riverstone Capital LLC | ******7994 |
| **********2120 | Riverstone Capital LLC | ******7994 |
| **********2117 | Riverstone Capital LLC | ******7994 |
| **********1820 | Riverstone Capital LLC | ******7994 |
| **********1833 | Riverstone Capital LLC | ******7994 |
| **********1846 | Riverstone Capital LLC | ******7994 |
| | | |
| Scotiabank and Trust (Cayman) Ltd. | | |
| ****8543 | Riverstone Captive Strategies Ltd./ | ******9507 |
| ****0435 | Travis Bugli | |